UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EFOFEX, INC., *et al.*,

                    Plaintiffs,

          v.                                             Civil Action No. 21-8454 (MAS) (TJB)

REALHUB INC. *et al.*,                                   **MEMORANDUM ORDER**

                    Defendants.

This matter comes before the Court on Defendants Datta Holdings, LLC ("Datta") and

Sarange Sam Sharma's ("Sharma" and together with Datta, "Defendants") Motion to Dismiss

Plaintiffs Efofex, Inc. ("Efofex") and Textrade Inc.'s ("Textrade" and together with Efofex,

"Plaintiffs") First Amended Complaint. (ECF No. 21.) Plaintiffs opposed (ECF No. 26), and

Defendants did not reply. For the reasons below, the Court orders limited jurisdictional discovery.

This is not the first time the Court has weighed in on this matter. In November 2021, the

Court dismissed without prejudice Plaintiffs' Complaint as to Defendants for want of personal

jurisdiction. *See Efofex, Inc. v. Realhub Inc.*, No. 21-8454, 2021 WL 5449533 (D.N.J. Nov. 22,

2021), ECF No. 18. There, the Court ruled that Defendants lacked minimum contacts with New

Jersey because (for unjust enrichment) the Complaint showed no relationship between New Jersey

and Defendants and because (for intentional torts) the Complaint failed to allege how New Jersey

was the focal point of Defendants' torts. Plaintiffs have since amended to include new allegations

regarding their unjust enrichment claim, including that Defendants "knowingly and purposefully

directed 350,640 masks to a [sic] Textrade at its warehouse in New Jersey," that "Defendant

Sharma confirmed that he and Datta brought the masks in question to U.S. soil," and that "Textrade

confirmed receipt of these masks on January 6, 2021, at its New Jersey warehouse." (Am. Compl. ¶¶ 45-47, ECF No. 20.) As to its fraud and tortious interference claims, the Amended Complaint asserts that Sharma "made several knowing and intentional misrepresentations of material facts to the parties on the [February 8, 2021] call, including Textrade, who was located in New Jersey at the time" and that Sharma further "represented that he hoped to do more business with the parties on the call." (Am. Compl. ¶¶ 65-67.) Based on these allegations, Plaintiffs contend that the Court can exercise personal jurisdiction over Defendants.

The Court is less sure. As stated in its prior Opinion, to establish personal jurisdiction for their unjust enrichment claim, Plaintiffs must allege purposeful availment. *See Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 500 (D.N.J. 2017). To this end, the Amended Complaint's added allegations are equivocal at best and veiled legal conclusions at worst. For example, one allegation asserts that Defendants "directed" masks into New Jersey but not that Defendants sent masks directly to New Jersey. (Am. Compl. ¶ 45.) Directing goods to a location is not the same as, for example, shipping goods to a location—at a high level, every entity in a distribution chain "directs" goods to a particular location. *See* Black's Law Dictionary (11th ed. 2019) (defining the verb "direct" to mean "to aim," "to cause (something or someone) to move on a particular course," and "to guide"). Another allegation further obfuscates Defendants' relationship with New Jersey, noting that Defendants sent masks to somewhere on "U.S. soil." (*Id.* ¶ 46.) Plaintiffs' opposition brief offers no respite from this substantive confusion:

> There is no dispute the Moving Defendants brought the masks onto U.S. soil during the first week of January 2021 and that they were delivered to Plaintiff Textrade's New Jersey warehouse on January 6, 2021. Whether the Moving Defendants physically carried the masks to the New Jersey warehouse from the water or enlisted a vendor to do so, either way, . . . . the Moving Defendants here purposefully directed the masks to a specific location in the forum state . . . .

2

(Pls.' Opp'n Br. 12, ECF No. 26.)[1]

The allegations concerning Plaintiffs' intentional torts fare little better as those do not

unambiguously show that New Jersey was the focus of the tortious conduct or that Defendants'

contacts with New Jersey gave rise to the tortious conduct. *See Christie*, 258 F. Supp. 3d at 500.

At best, the allegations reveal that Defendants lied to Maine regulators on a phone call that also

involved a company whose principal place of business was in New Jersey and that Sharma hoped

to do business again with everyone on the line. (*See* Am. Compl. ¶¶ 65-67.)[2] That none of the

parties are incorporated in New Jersey and that most of the underlying conduct appears to have

occurred outside of New Jersey only heightens the Court's concerns. *See Marchionda v. Embassy*

*Suites, Inc.*, 122 F. Supp. 3d 208, 211 (D.N.J. 2015) ("Based upon the record developed thus far,

the Court has serious doubts concerning whether any amount of discovery would demonstrate a

basis for this New Jersey federal court to exercise personal jurisdiction over the Defendants,

particularly because this action appears to stem entirely from out-of-state conduct of seemingly

out-of-state entities.").

None of this is to say that the Amended Complaint's allegations are so nebulous such that

the Court necessarily has no authority over Defendants. Rather, the Amended Complaint "presents

factual allegations that suggest with reasonable particularity the possible existence of the requisite

contacts" between Defendants and New Jersey exists. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318

F.3d 446, 456 (3d Cir. 2003) (internal quotation marks omitted) (quoting *Mellon Bank (E.) PSFS,*

---

[1] In fact, Plaintiffs' opposition adds stylistic confusion to the mix through a passive-voice clause. That the masks "were delivered" to Textrade's warehouse drops the subject from the clause—leaving the Court to ponder the critical question: who delivered the masks?

[2] Plaintiffs repeatedly refer to Textrade as a "New Jersey company." (*E.g.*, Pls.' Opp'n Br. 15.) But that doesn't appear quite right, as the Amended Complaint alleges that Textrade is a "New York company." (Am. Compl. ¶ 2.)

*Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Because the Amended Complaint presents conceivable and non-frivolous allegations that may establish personal jurisdiction over Defendants, the Court will order limited jurisdictional discovery. The Court warns, however, that this discovery is not "a fishing expedition" into the underlying merits. *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011).

**IT IS THEREFORE**, on this 13th day of July 2022, **ORDERED** as follows:

1.     Plaintiffs' request for jurisdictional discovery is **GRANTED**.

2.     Jurisdictional discovery shall be open until **August 15, 2022**. The Court will not grant extensions to this deadline absent good cause.

3.     Defendants' Motion to Dismiss (ECF No. 21) shall be administratively terminated and held in abeyance pending the conclusion of jurisdictional discovery.

4.     By **August 22, 2022**, the parties shall e-file correspondence no longer than **five, single-spaced pages** indicating whether jurisdictional discovery establishes personal jurisdiction over Defendants.

5.     By **August 29, 2022**, the parties may e-file correspondence no longer than **five, single-spaced pages** opposing the other parties' opening correspondence.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE